IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

RONALD TISDALE,

      Petitioner,

v().

MIKE ROGERS,[1]

      Respondent.

Case No. 20-CV-020-JFH-DES

## OPINION AND ORDER

Petitioner Ronald Tisdale ("Tisdale"), a state prisoner appearing *pro se*,[2] brings this action pursuant to 28 U.S.C. § 2254, seeking federal habeas relief. *See* Dkt. No. 1; Dkt. No. 2. Respondent Mike Rogers ("Respondent ") filed a response in opposition to the petition [Dkt. No. 19], as well as the state-court record [Dkt. No. 20]. Having considered the parties' arguments and the relevant record, the Court denies the petition.

## BACKGROUND

In July 2018, Tisdale entered a plea of nolo contendere to a second and subsequent offense of driving a motor vehicle while under the influence of alcohol, in violation of Okla. Stat. tit. 47, § 11-902(A)(2). Dkt. No. 19-1 at 1. The District Court of Pontotoc County imposed a fifteen-year term of imprisonment, taking into consideration that Tisdale had a prior misdemeanor DUI

---

[1] Tisdale presently is incarcerated at the Lexington Correctional Center (LCC), in Lexington, Oklahoma. The Court therefore substitutes the LCC's current warden, Mike Rogers, in place of Jeorld Braggs, Jr., as party respondent. *See* Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts. The Clerk of Court shall note this substitution on the record.

[2] Because Tisdale appears without counsel, the Court must liberally construe his pleadings. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the rule of liberal construction neither requires nor permits the Court to act as an advocate on his behalf by crafting legal arguments or scouring the record for facts to support his claims. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

and eight prior felony convictions for non-DUI related offenses. *Id.* Tisdale did not move to withdraw his plea within 10 days of sentencing, a precondition to seeking direct review of his conviction and sentence through a certiorari appeal with the Oklahoma Court of Criminal Appeals (OCCA). *See Clayton v. Jones*, 700 F.3d 435, 441 (10th Cir. 2012); Okla. R. Crim. App. 4.2(A). On December 26, 2018, however, Tisdale sought post-conviction relief requesting an appeal out of time to withdraw his plea of nolo contendere, pursuant to Rule 2.1(E) of the Rules of the Oklahoma Court of Criminal Appeals. *See* Dkt. No. 19-2. Rule 2.1(E) prescribes that an application to withdraw a plea of nolo contendere cannot be filed out of time unless the petitioner first files an application for post-conviction relief requesting an out-of-time certiorari appeal arising from the plea. To succeed on the application, the petitioner must establish that he or she "was denied an appeal through no fault of his/her own." Okla. R. Crim. App. 2.1(E).

In his application, Tisdale argued that the state district court "committed reversable error by sentencing [him] under provisions of [the] general enhancement statute rather than under [the] DUI statute [Okla. Stat. tit.] 47, § 11-902(C)(2)." Dkt. No. 19-2 at 5. Section 11-902(C)(2) provides that a second offense of driving under the influence of alcohol committed within ten years of the first offense can result in a sentence range of one to five years. Okla. Stat. tit. 47, § 11-902(C)(2). Tisdale argued that this statutory language precludes additional sentence enhancement under the general felony enhancement statute. Dkt. No. 19-2 at 3; *see* Okla. Stat. tit. 21, § 51.1. He also alleged that this error constituted a violation of his due process rights and that his counsel was ineffective for failing to prevent the alleged error. *See* Dkt. No. 19-2 at 4.

The state district court denied Tisdale's application, citing *State v. Blacksher*, 371 P.3d 1131 (Okla. Crim. App. April 4, 2016). Dkt. No. 19-3 at 1. In *Blacksher*, the OCCA held that, while a defendant's "sentence could not be enhanced under [the general enhancement statute] if

all of his prior convictions were for DUI related offenses under Title 47," his "prior convictions for non-DUI related felonies . . . could be used to enhance his sentence under the [general enhancement statute]." *Blacksher*, 371 P.3d at 1133.

Tisdale then appealed to the OCCA, arguing that he had not been "informed in the preliminary complaint of all the charges" applicable to his sentence, including those implicating the general enhancement statute, and his plea therefore was not knowing and voluntary. Dkt. No. 19-4 at 8-19. The OCCA affirmed the denial of Tisdale's application on the basis that Tisdale's arguments "could have been raised in direct appeal proceedings, but were not, and are thus waived." Dkt. No. 19-5 at 3. The OCCA further held that "the only relief Petitioner may seek in this post-conviction proceeding is an out of time appeal to allow him to seek to withdraw his plea," but that Tisdale had not made the requisite showing under Rule 2.1(E) that he was denied an appeal "through no fault of his own." *Id.*

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) "imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (citations and internal quotation marks omitted). Under the AEDPA, federal habeas relief can be granted "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Respondent argues that Tisdale's federal habeas petition challenges only alleged errors in his post-conviction proceedings, and Tisdale therefore has not alleged a cognizable habeas claim. *See* Dkt. No. 19 at 6-8; *Lopez v. Trani*, 628 F.3d 1228, 1229 (10th Cir. 2010) ("Our precedent makes clear that the district court did not err in dismissing claims that related only alleged errors

3

in the post-conviction proceedings."); *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998) ("[B]ecause the constitutional error [petitioner] raises focuses only on the State's post-conviction remedy and not the judgment which provides the basis for his incarceration, it states no cognizable federal habeas claim.").

Tisdale asks this Court to "[r]everse the OCCA's Order affirming [his] conviction and sentence, and remand to [the] state district court for [an] evidentiary hearing on [his] request for out-of-time withdrawal of guilty plea," "as required under Oklahoma Statutes and case law." Dkt. No. 1 at 14; Dkt. No. 2 at 2, 14. Tisdale argues that the state district court failed to follow state law by resolving his application without first conducting an evidentiary hearing and making specific "findings and conclusions" as to the merits of his claims. Dkt. No. 2 at 10-13. He argues that the OCCA "committed fundamental error by not remanding the case to [the] district court with orders to conduct an evidentiary hearing" and that the "OCCA should have found [Tisdale] was denied due process and equal protection of the law." *Id.* at 5.

Federal courts cannot provide habeas relief for errors in state post-conviction procedures. *See Phillips v. Ferguson*, 182 F.3d 769, 772-73 (10th Cir. 1999). Nor do federal courts "have license to question a state court's finding of procedural default or to question whether the state court properly applied its own law." *Fuller v. Pacheco*, 531 F. App'x 864, 868 (10th Cir. 2013) (internal quotation marks omitted); *see Finlayson v. State*, 6 F.4th 1235, 1240 (10th Cir. 2021) (explaining that the Court "will not review the propriety of the state court's . . . application of its own procedural rule," because "a violation of state law, such as the misapplication of a state procedural rule, cannot justify habeas relief"). As Tisdale is challenging the state's application of its own rules and procedures, habeas relief is unavailable. *See Ellis v. Mullin*, 56 F. App'x 858, 865 n.6 (10th Cir. 2003) (finding no cognizable federal claim had been raised where petitioner

4

argued that "the state court erred by applying laches to his case, and the state court should have conducted an evidentiary hearing to determine whether he was denied an appeal through no fault of his own"); *see also Leatherwood v. Allbaugh*, 861 F.3d 1034, 1043 (10th Cir. 2017) ("A habeas applicant cannot transform a state law claim into a federal one merely by attaching a due process label.").

## CONCLUSION

Based on the foregoing, the Court denies Tisdale's petition for writ of habeas corpus [Dkt. No. 1]. Under Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473,

484 (2000). The Court concludes that the requisite standards have not been met in this case and therefore declines to issue a certificate of appealability.

  IT IS THEREFORE ORDERED that:

1. The Clerk of Court shall note on the record the substitution of Mike Rogers in place of Jeorld Braggs, Jr. as party respondent;

2. The petition for writ of habeas corpus [Dkt. No. 1] is DENIED; and

3. A certificate of appealability is DENIED.

Dated this 29th day of September, 2023.

                _____
                JOHN F. HEIL, III
                UNITED STATES DISTRICT JUDGE